*80 Justice Kennedy,
concurring in the judgment.
Trials must be free from a coercive or intimidating atmosphere. This fundamental principle of due process is well established. It was recognized in Frank v. Mangum, 237 U. S. 309 (1915), though the Court credited the determination of the state court and granted no relief; and it was the square holding in Moore v. Dempsey, 261 U. S. 86 (1923), though the Court remanded for factfinding rather than for a new trial. The disruptive presence of the press required reversal in Sheppard v. Maxwell, 384 U. S. 333,355 (1966), where “newsmen took over practically the entire courtroom, hounding most of the participants in the trial,” and Estes v. Texas, 381 U. S. 532, 550 (1965), where the presence of cameras distracted jurors throughout the proceedings.
The rule against a coercive or intimidating atmosphere at trial exists because “we are committed to a government of laws and not of men,” under which it is “of the utmost importance that the administration of justice be absolutely fair and orderly,” and “[t]he constitutional safeguards relating to the integrity of the criminal process attend every stage of a criminal proceeding ... culminating with a trial ‘in a courtroom presided over by a judge.’ ” Cox v. Louisiana, 379 U. S. 559, 562 (1965) (quoting Rideau v. Louisiana, 373 U. S. 723, 727 (1963)) (finding a statute did not on its face violate First Amendment rights where it prohibited picketing in courthouses). Cf. Wood v. Georgia, 370 U. S. 375 (1962); Turner v. Louisiana, 379 U. S. 466 (1965).
The rule settled by these cases requires a court, on either direct or collateral review, to order a new trial when a defendant shows his conviction has been obtained in a trial tainted by an atmosphere of coercion or intimidation similar to that documented in the foregoing cases. This would seem to be true whether the pressures were from partisans, or, as seems to have been the case in Sheppard, from persons reacting to the drama of the moment who created an environment so raucous that calm deliberation by the judge or jury *81 was likely compromised in a serious way. If, in a given case, intimidation of this nature was brought about by the wearing of buttons, relief under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) would likely be available even in the absence of a Supreme Court case addressing the wearing of buttons. While general rules tend to accord courts “more leeway... in reaching outcomes in case-by-case determinations,” Yarborough v. Alvarado, 541 U. S. 652, 664 (2004), AEDPA does not require state and federal courts to wait for some nearly identical factual pattern before a legal rule must be applied, cf. Wright v. West, 505 U. S. 277, 308-309 (1992) (Kennedy, J., concurring in judgment).
In the case before us there is no indication the atmosphere at respondent’s trial was one of coercion or intimidation to the severe extent demonstrated in the cases just discussed. The instant case does present the issue whether as a preventative measure, or as a general rule to preserve the calm and dignity of a court, buttons proclaiming a message relevant to the case ought to be prohibited as a matter of course. That rule has not been clearly established by our cases to date. It may be that trial judges as a general practice already take careful measures to preserve the decorum of courtrooms, thereby accounting for the lack of guiding precedents on this subject.
In all events, it seems to me the case as presented to us here does call for a new rule, perhaps justified as much as a preventative measure as by the urgent needs of the situation. That rule should be explored in the court system, and then established in this Court before it can be grounds for relief in the procedural posture of this case.
For these reasons, I concur in the judgment of the Court.